RAYMOND NARDO, Esq.
Attorney for Plaintiff
129 THIRD STREET
MINEOLA, NY 11501
(516)248-2121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

RICHARD MALINOWSKI,                      :

               Plaintiff,    :    **COMPLAINT**

         - against -         :    **INDEX NO. 09-9592**
                               **(Koeltl, J.)**
WALL STREET SOURCE, Inc., JOHN ALBERT    :

            Defendants.  :    **Filed 11/18/09**
----------------------------------------X

    Plaintiff, by his attorney, Raymond Nardo, as and for his

Complaint herein, respectfully alleges as follows:

<u>JURISDICTION</u>

1.  This action arises under Article 6 of the New York State Labor Law and the common law of the State of New York.

2.  This Court has jurisdiction under 28 U.S.C. § 1332.

3.  This action involves a controversy between citizens of different states.

4.  Venue is proper in the Southern District of New York according to 28 U.S.C. 1391 because the defendant corporation conducts business there and the cause of action arose there.

<u>THE PARTIES</u>

5.  At all relevant times herein, plaintiff resides in the State of New Jersey, at 2 Warrenton Lane, Colts Neck, New Jersey.

6.  This action seeks recovery in excess of $75,000 exclusive of interest and costs.

7.  Defendant Wall Street Source, Inc. ("WSS") is a

LAW OFFICE OF
RAYMOND NARDO

corporation incorporated in the State of Delaware and duly licensed to conduct business in the State of New York.

8.   Defendant WSS is headquartered in the State of New York and County of New York at 14 Wall Street.

9.   Defendant John Albert ("Albert") is an individual and resides in the State of New York.

<u>FACTS</u>

10.  Plaintiff was employed by the defendants as a Chief Information Officer from September 2005 through April 2009.

11.  Pursuant to a written contract executed between the parties ("Agreement"), plaintiff was to be paid a salary and bonus by the defendants.

12.  Plaintiff is an "employee" under § 190 of the New York State Labor Law.

13.  WSS is an "employer" as that term is defined in § 190 of the New York State Labor Law.

14.  Albert is the President and Chairman of WSS.

15.  Albert had the authority to hire and fire employees for WSS.

16.  Albert had the authority to supervise employees for WSS.

17.  Albert controlled employees' schedules for WSS.

18.  Albert determined the rate and method of payment for employees of WSS.

19.  Albert is an "employer" under the New York State Labor Law.

20.  Pursuant to the Agreement, plaintiff earned a bonus of $60,000 in 2007, of which $5,000 was paid and $55,000 is owed.  Said bonus constitutes "wages" under § 190 of the New York Labor Law.

21.  Pursuant to the Agreement and an Amendment to the Agreement executed by the parties ("Amendment"), plaintiff earned a bonus of $60,000 in 2008 which was not paid.  Said bonus constitutes "wages" under § 190 of the New York Labor Law.

LAW OFFICE OF
RAYMOND NARDO

22. Plaintiff earned a bonus of $60,000 in 2009, pro rata, through the first quarter of 2009, which was not paid. Said bonus constitutes "wages" under § 190 of the New York State Labor Law.

23. Plaintiff is owed $15,173 in wages for 3 weeks of services performed, but unpaid, in 2009.

24. Plaintiff has made repeated demands to defendants for the wages owed.

25. Defendants willfully and intentionally refused plaintiff's demand and has not paid plaintiff for the above wages.

### AS AND FOR A FIRST CAUSE OF ACTION

26. Pursuant to Article 6 of the New York State Labor Law, defendants owe wages to plaintiff.

27. Defendants violated Article 6 of the New York State Labor Law by willfully and intentionally refusing to pay plaintiff the wages, as set forth above, causing damage to plaintiff.

### AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiff repeats, realleges, and reincorporates each allegation as though fully set forth herein.

29. Defendant WSS agreed to pay plaintiff pursuant to a written contract.

30. Pursuant to this contract, defendant WSS owes plaintiff the wages (including bonuses) set forth above.

31. By failing to pay plaintiff wages, defendant WSS breached its employment contract with plaintiff.

### AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiff repeats, realleges, and reincorporates each allegation as though fully set forth herein.

33. Defendant WSS terminated plaintiff without cause in April 2009.

34. Pursuant to the Agreement and Amendment, defendant WSS is obligated to pay plaintiff 18 months of salary, for a total of $394,000, since plaintiff was terminated without cause.

LAW OFFICE OF
RAYMOND NARDO

35.    Pursuant to the Agreement and Amendment, defendant WSS is obligated to pay plaintiff's bonuses, in the amounts of $60,000 per year, for the years 2009, 2010, and 2011, for a total of $180,000.

WHEREFORE, plaintiff demands judgment against the Defendants WALL STREET SOURCE, Inc. and JOHN ALBERT as follows:

(a) $145,173, plus liquidated damages (twenty-five percent of the total amount of the wages found to be due), plus counsel fees (to be calculated), pursuant to § 198 of the Labor Law, as set forth in the first cause of action.

(b) $145,173 for defendants WSS' breach of contract as set forth in the second cause of action.

(c) severance pay from WSS in the amount of $394,000 in wages plus $180,000 in bonuses, as set forth in the third cause of action.

(d) punitive damages for defendants' malice and reckless indifference to plaintiff's rights, in an amount to be determined at trial, prejudgment interest, costs, disbursements, and other relief as the court shall deem fair, proper, and equitable.

Dated:    November 3, 2009
          Mineola, NY

_____
Raymond Nardo
Attorney for plaintiff
129 Third Street
Mineola, NY 11501
(516)248-2121

LAW OFFICE OF
RAYMOND NARDO