UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
   :
RICHARD MALINOWSKI,   :
   :
   :      09 Civ. 9592 (PAE)
                      Plaintiff,   :
   :      OPINION AND ORDER
        -v-   :
   :
WALL STREET SOURCE, INC. and JOHN ALBERT,   :
   :
                      Defendants.   :
   :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      This opinion and order addresses a motion *in limine* in the above-captioned case, in which a bench trial is scheduled to begin on December 15, 2011.  For the reasons that follow, the Court holds that evidence of the wage earnings of Plaintiff Richard Malinowski following the termination of his job at his former employer, Wall Street Source, Inc. ("Wall Street Source"), is inadmissible.

      Between September 2005 and April 2009, when he was terminated, Malinowski served as Chief Information Officer at Wall Street Source.  In this lawsuit, brought against Defendants Wall Street Source and John Albert (its President and Chairman), Malinowski seeks (1) wages he claims that he earned while at Wall Street Source, but which were not paid; (2) bonuses he claims he was owed by Wall Street Source, but which were not paid; and (3) severance, pursuant to a written employment agreement, to which Malinowski claims he is entitled because his termination was without cause.  Malinowski's suit, founded on diversity jurisdiction, brings claims under New York State common law and labor law.

Defendants have counterclaimed. They claim that, during his time at Wall Street Source, Malinowski ran a competitor company, and improperly used Wall Street Source's computer equipment to run this company. Defendants further claim that Malinowski improperly hired away Wall Street Source employees to work at his own company, made unauthorized copies of company software, and devoted time to his own company when he was duty-bound to be working for Wall Street Source. These counterclaims are based on New York State common law; Defendants allege conversion, breach of an employment contract, and breach of the duty of loyalty.

Presently before the Court is a motion *in limine* brought by Malinowski. As articulated by Malinowski, the motion seeks to preclude the introduction at trial of any evidence regarding (1) his post-termination job search and (2) his post-termination wages.

*Post-termination job search*: To the extent Malinowski seeks to preclude evidence of his post-termination job search, the Court defers ruling until trial. It is not clear by any means that the manner in which Malinowski sought work after his termination will be relevant at all to any issue in the case. Defendants assert generally that Malinowski's job search may be germane to their counterclaims, in that his activities may reflect "ongoing disloyalty" to Wall Street Source. They posit that perhaps Malinowski brought proprietary information that he had gained at Wall Street Source to a prospective employer, competitively injuring Wall Street Source. With discovery having closed, such vague, and seemingly speculative, explanations of the relevance of Malinowski's job search to the issues at hand leaves the Court skeptical that such evidence will, ultimately, prove admissible.

However, the Court will defer ruling on this point until trial. At that point, the Court will be in a better position to understand Defendants' counterclaims. The Court will be better

equipped to assess what it takes to be Defendants' claim that Malinowski's post-termination conduct is in some way relevant to the assertions in their counterclaims that he misappropriated Wall Street Source's property and/or improperly hired away Wall Street Source employees. Because there has been no suggestion by Malinowski that the facts regarding his post-termination job search would unfairly prejudice him with the finder of fact—and because this is a bench trial—there should be no prejudice to Malinowski from deferring this ruling.

*Post-termination wages*:  As to evidence of Malinowski's post-termination wages, the Court holds that it is inadmissible. To be sure, post-termination wages are often relevant under New York law, because, generally, "under New York law, a harmed plaintiff must mitigate damages." *Kuruwa v. Meyers*, 09cv4412, 2011 WL 5059187, at *3 (S.D.N.Y. Oct. 24, 2011) (applying New York law) (internal quotation marks and citation omitted); *see also Wilmot v. State*, 297 N.E.2d 90, 92 (N.Y. 1973) ("the party seeking damages is under the duty to make a reasonable effort to avoid consequences of the act complained of") (internal quotation marks and citation omitted). This rule of contract damages applies in the employment context. *See, e.g.*, *Cornell v. T.V. Dev. Corp.*, 215 N.E.2d 349, 351 (N.Y. 1966) (actual damage in a wrongful discharge case is the wage payable during the term remaining on the employment, reduced by the income employee made or could have made elsewhere during that term with reasonable effort).

However, when an employment contract contains a severance clause, New York courts view such a clause as "in essence a liquidated damages clause" that "fixes the exposure of the employer following a discharge without cause and thus serves to remove [such a case] from the ordinary rule requiring the employee to mitigate damages." *Musman v. Modern Deb*, 377 N.Y.S.2d 17, 19 (N.Y. App. Div. 1975); *see also Am. Capital Access Serv. Corp. v. Muessel*, 814 N.Y.S.2d 139, 140 (N.Y. App. Div. 2006) (a severance provision in an employment agreement

functions as a liquidated damages clause, fixing damages and exempting party seeking recovery from duty to mitigate).

In this case, Malinowski's employment agreement with Wall Street Source contained such a severance clause. In pertinent part, the clause—as set out in Malinowski's motion *in limine*—provided that, in the event of termination without cause, "Employer shall continue to pay Employee's Base Salary (at the rate in effect on the date of termination) for 18 months from the effective date of termination. In addition, Employer shall pay Employee a cash bonus of $60,000 per year for 18 months from the effective date of termination."

Under the case law, this is a classic severance clause. As such, it exempts Malinowski—assuming the Court finds him to have been terminated without cause—from a duty to mitigate. Defendants make the conclusory assertion that Malinowski, if terminated without cause, would be under a duty to mitigate. However, Defendants, revealingly, do not acknowledge the clause in his employment agreement, let alone argue why the clause is not a severance clause obviating the ordinary duty to mitigate.[1]

Instead, Defendants cite several cases holding that employees have a duty to mitigate post-termination back pay. *See Sudul v. Computer Outsourcing Services, Inc.*, 917 F. Supp. 1033, 1048 (S.D.N.Y. 1996); *Cornell*, 215 N.E.2d at 351; *Woodford v. Benedict Cmty. Health Ctr.*, 591 N.Y.S.2d 582, 583 (N.Y. App. Div. 1992). These cases, however, are inapposite, as they do not involve severance clauses. Nor are these cases relevant to Malinowski's separate claim for unpaid wages allegedly accrued *prior* to his termination, as these cases address *post-*termination damages.

---

[1] Defendants do argue that Malinowski was terminated with good cause. However, under that scenario, Malinowski's post-termination wages would plainly be irrelevant. If terminated for cause, Malinowski would not be entitled to damages for wrongful termination, and therefore there would be no damages to mitigate.

Alternatively, Defendants state that Malinowski's post-termination wages may be relevant, in that "he may have used the converted proprietary information at a new employer to gain market share and earn profits and wages that he would not have absent his conversion; or he may have engaged in self help by earning wages following the termination of his employment from a competing entity he set up during his period of disloyalty." Defendants offer no evidence at all to substantiate these speculative assertions. Such bare claims do not justify admission of evidence of Plaintiff's post-termination wages.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion *in limine* to exclude evidence of his post-termination wages is granted. The Court will defer ruling until trial on Plaintiff's motion *in limine* to exclude evidence as to his post-termination job search.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 2, 2011
      New York, New York