UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :

RICHARD MALINOWSKI,                        :

                                                :            09 Civ. 9592 (PAE)

                         Plaintiff,         :

                                                :            OPINION AND ORDER

                 -v-                       :

                                                :

WALL STREET SOURCE, INC. and JOHN ALBERT,  :

                                                :

                       Defendants.        :

                                                :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       This opinion and order addresses the single open question in this employment dispute: whether defendant John Albert, the chief executive officer of the company that hired plaintiff Richard Malinowski, is personally liable to Malinowski for salary and bonuses that Malinowski earned pursuant to an employment contract, but which were not paid to him.  For the following reasons, the Court holds that Albert is not individually liable to Malinowski.

## BACKGROUND[1]

       Albert is, and was during all relevant times, the Chief Executive Officer of defendant Wall Street Source ("WSS"), a small company which supplies financial news feeds and other information services to customers.  Malinowski, whom Albert hired, served as WSS's Chief Information Officer from September 2005 through April 2009.

---

[1] The facts which form the basis of this opinion are drawn from the evidence adduced at the four-day bench trial held in this case in December 2011, and from subsequent letter briefs from counsel.

Malinowski and WSS entered into a written employment agreement in March 2006, which, by its terms, was effective as of September 19, 2005, Malinowski's date of hire.[2] The employment agreement states that it is "between WALL STREET SOURCE, INC. . . . and RICHARD E. MALINOWSKI."  The employment agreement has two signature lines, one for "EMPLOYEE," under which appear the printed words "Richard Malinowski, individually," and one for "EMPLOYER," under which appear the printed words "WALL STREET SOURCE, INC., BY John Albert, President."  The employment agreement provided for Malinowski to be paid a fixed base salary each year and a guaranteed annual bonus, the amounts of which were set out in the agreement, from 2005 through 2008.

In his complaint, Malinowski alleged that he was not paid his guaranteed bonuses for the years 2007 and 2008.  He also alleged, *inter alia*, that he was not paid his salary for his final three weeks of work prior to his termination from WSS in April 2009.

In November 2009, Malinowski brought this employment law action against both WSS and Albert.  He asserted (1) a claim for unpaid wages (including bonuses) under Article 6 of the New York State Labor Law, (2) failure to pay wages (including bonuses) in breach of his written employment agreement, and (3) failure to pay severance and future bonuses in breach of his employment contract.  Defendants counterclaimed, accusing Malinowski of (1) conversion, (2) breach of contract, and (3) breach of the common law duty of loyalty.

On December 14–16 and 19, 2011, a bench trial was held in this case.[3]  In late December 2011, prior to the deadline for submission of post-trial briefs, counsel informed the Court that the

---

[2] Although neither party was able to produce a signed copy of the employment agreement, the parties agree that an agreement consistent with the description herein was signed by both parties.

[3] Following the close of evidence at trial, the Court, with the encouragement of counsel, advised the parties on the record as to its assessment (subject to post-trial briefing) of the various claims

parties had reached a settlement resolving all claims in the case except one.  The sole outstanding unresolved issue was whether WSS's CEO, Albert, was personally liable to Malinowski for the salary and bonuses that WSS owed him.  Counsel jointly proposed that, in lieu of full post-trial briefs, they would submit letter briefs on the issue of Albert's individual liability to Malinowski.  Counsel jointly represented to the Court that the parties' settlement agreement had been drafted to conform to the Court's ruling as to Albert's individual liability.

On January 19, 2012, the Court received letter briefs from the parties.  Albert argues that, on the facts of this case, he is not individually liable for unpaid wages.  Malinowski argues to the contrary.

## ANALYSIS

I.  **Malinowski's claims for unpaid wages under Article 6 of the New York State Labor Law**

Malinowski's first cause of action is for unpaid wages in violation of Article 6 of the New York State Labor Law, N.Y. LAB. LAW §§ 190-199A (McKinney 2011).  He claims that WSS's failure to pay him his 2007 and 2008 guaranteed bonuses and his salary for his final three weeks of work violated Article 6.  He argues here that, in addition to WSS, Albert is individually liable for this alleged statutory violation.

In his Complaint, Malinowski is indistinct as to which part or parts of Article 6 he relies on.  The Complaint alleges only that defendants owe wages to him "pursuant to Article 6 of the New York State Labor Law," citing no section of that Article (Dkt. 1).  In his January 19, 2012 letter brief, Malinowski argues that his "recourse" is under § 198(3) of Article 6.  Section 198(3) reads as follows:

---

in the case.  The Court did so in the view, which counsel stated they shared, that advising the parties as to the Court's preliminary conclusions might help bring about a settlement, thereby saving the parties additional legal expenses.

> Notwithstanding any other provision of law, an action to recover upon a liability imposed by this article must be commenced within six years. The statute of limitations shall be tolled from the date an employee files a complaint with the commissioner or the commissioner commences an investigation, whichever is earlier, until an order to comply issued by the commissioner becomes final, or where the commissioner does not issue an order, until the date on which the commissioner notifies the complainant that the investigation has concluded. Investigation by the commissioner shall not be a prerequisite to nor a bar against a person bringing a civil action under this section. All employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of such action, whether such action is instituted by the employee or by the commissioner.
>
> N.Y. LAB. LAW § 198(3) (McKinney 2011).

Malinowski argues that, because he is an "employee" under Article 6, and because § 198(3) gives "[a]ll employees . . . the right to recover full wages . . . accrued during the six years previous to the commencing" of an action under Article 6, he has a statutory claim against WSS for unpaid wages. He further argues that because Albert is an employer under § 190(3), Albert is also personally accountable to pay him damage for non-payment of these wages.[4]

The Court does not agree. Section 198 of Article 6, entitled "Costs, remedies," outlines the remedies due upon a successful showing of a violation of the article. But the remedies supplied by § 198 of Article 6 are available *only when* a claimant has established a violation of his rights under a substantive portion of Article 6. *Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 462 (N.Y. 1993). Indeed, by its terms, § 198(3) applies only to "an action to

---

[4] Courts use the "economic reality" test to determine whether a given individual is an employer under the New York State Labor Law. *See, e.g.*, *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) ("Under the 'economic reality' test, the relevant factors include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.") (internal quotation marks and citations omitted). Although the Court rules against Malinowski because it has been unable to locate a substantive right under Article 6 that was violated by the non-payment of his wages and bonuses, the Court has no difficulty concluding that Albert was an employer of Malinowski's under the economic reality test.

recover upon a liability imposed by this article"; it therefore does not supply a freestanding right to relief.  *Fin. Techs. Int'l, Inc. v. Smith*, 247 F. Supp. 2d 397, 413 (S.D.N.Y. 2002) ("[t]he remedies of section 198 may not be invoked when the claim is in substance a contract claim to enforce the payment of obligations other than statutory wages") (citing *Gottlieb*, 82 N.Y.2d 457, 462–63); *see also Monagle v. Scholastic, Inc.*, No. 06-cv-14342, 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007) (section 198 "provides no substantive cause of action at all").

In some circumstances, a claim for unpaid wages such as Malinowski's would be cognizable under § 191 of Article 6, which mandates the frequency with which an employer must pay wages to an employee.  Section 191 does not apply here, however, because, as the parties agree and as the trial record confirms, Malinowski was an executive during his service at WSS, and it is firmly established that § 191 is inapplicable to executives.  N.Y. LAB. LAW § 191 (McKinney 2011); *see also Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609, 616 (N.Y. 2008) ("employees serving in an executive . . . capacity do not fall under Section 191 of the Labor Law"); *Gottlieb*, 82 N.Y.2d at 464.  Nor may Malinowski prevail by arguing that his bonuses should be construed as mandatory "benefits or wage supplements," a subject addressed by § 198-c of Article 6.  As an executive whose weekly earnings exceeded $900, Malinowski is ineligible from seeking relief under §198-c, which, unlike § 198, is a source of substantive rights.  N.Y. LAB. LAW § 198-c (McKinney 2011) ("This section shall not apply to any person in a bona fide executive . . . capacity whose earnings are in excess of nine hundred dollars a week."); *see also Pachter*, 10 N.Y.3d at 615; *Monagle*, 2007 WL 766282, at *2.  The Court has carefully

5

reviewed Article 6 but has been unable to identify any other section under which Malinowski may plausibly allege a substantive statutory right to recoup unpaid wages and bonuses.[5]

## II.     Malinowski's claim for unpaid wages under a common law contract theory

Malinowski alternatively pursued a common law breach of contract theory based on WSS's failure to pay him bonuses and salary to which he was entitled under his employment agreement. Although the evidence at trial amply supported Malinowski's entitlement to relief from WSS based on such a claim of contract breach, the issue presented here—whether Albert is individually liable to Malinowski based on this breach—presents a separate question.

"Under New York law, 'it is well-settled that an individual who signs a contract on behalf of a corporation, indicates her representative capacity on the contract, and exhibits no intention to assume personal liability for the corporation's breaches is not subject to personal liability.'" *San Diego Cnty. Emps. Ret. Ass'n v. Maounis*, 749 F. Supp. 2d 104, 128 (S.D.N.Y. 2010) (quoting *Hudson Venture Partners, L.P. v. Patriot Aviation Grp., Inc.*, No. 98-cv-4132, 1999 WL 76803, at *6 (S.D.N.Y. Feb. 17, 1999)). The employment agreement at issue here is explicitly "entered into between WALL STREET SOURCE, INC. . . . and RICHARD E. MALINOWSKI." The signature line denotes clearly that Albert was to sign for and on behalf of WSS. It does not indicate that Albert was signing in his individual capacity. Nor did

---

[5] Although Malinowski does not explicitly make a claim to recovery under § 193 of Article 6, which addresses "[d]eductions from wages," he cites three cases arising under that section. The Court has reviewed these cases, and finds *Kleinman v. Blue Ridge Foods, LLC*, No. 9603/2010, 2011 WL 2899428 (N.Y. Sup. Ct., Kings Cnty. July 7, 2011) and *Villacorta v. Saks, Inc.*, No. 100168/2007, 2011 WL 2535058 (N.Y. Sup. Ct., N.Y. Cnty. May 6, 2011) inapposite. In *Wachter v. Kim*, 920 N.Y.S.2d 66 (1st Dep't 2011), the Court did find that an executive employee could recover for unpaid cash compensation under § 193, albeit without addressing whether non-payment of wages qualifies as a "deduction from wages." However, the majority, and more persuasive, interpretation of § 193 is that it "has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages." *Monagle*, 2007 WL 766282, at *2 (citing *Kletter v. Fleming*, 820 N.Y.S.2d 348, 350 (3d Dep't 2006)).

Malinowski present any evidence at trial suggesting any intent or commitment by Albert to assume personal responsibility for WSS's contractual duty to pay Malinowski, or to backstop WSS in the event it failed to pay Malinowski's wages or bonuses. Nor has Malinowski alleged fraudulent use of WSS's corporate form. "A corporate agent who signs a contract within the authority of his official capacity 'will not be personally bound unless there is clear and explicit evidence that the agent intended to substitute his personal liability for that of his principal or that fraud is involved.'" *Tsegaye v. Impol Aluminum Corp.*, No. 01-cv-5943, 2003 WL 221743, at *6 (S.D.N.Y. Jan. 30 2003) (quoting *In re Estate of Gifford*, 535 N.Y.S.2d 154, 156 (3d Dep't 1998)).

Accordingly, the Court holds that Albert is not personally liable for any alleged breach of the employment agreement between Malinowski and WSS.

## CONCLUSION

For the foregoing reasons, Albert is not individually liable to Malinowski, either under Article 6 of the New York State Labor Law or under common law. Based on the parties' joint representation to the Court, with this ruling having been made, the parties' signed settlement agreement, which had called upon the Court to resolve this single open issue, is now determinate. The parties are directed to submit a proposed stipulation of discontinuance, based on the settlement, by Monday, February 6, 2012.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: January 31, 2012
 New York, New York